UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON JOE HARRIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-0681-LJM-TAB |
| | ) | |
| MIRACLE APPEARANCE | ) | |
| RECONDITIONING SPECIALISTS | ) | |
| INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFFS' MOTION FOR EXPEDITED LEAVE TO TAKE EXTENDED DEPOSITIONS

On September 12, 2007, the Court held a telephonic status conference on Plaintiffs' motion for expedited leave to take extended depositions. [Docket No. 57.] The parties appeared at this conference by counsel, and argument was heard. As set forth during that conference, and as more fully and specifically set forth below, Plaintiffs' motion is granted to the extent that the Court will permit a few hours of additional deposition testimony, but is otherwise denied.

As set forth in Plaintiffs' motion, Plaintiffs seek leave to take "extended" depositions of Defendant Mel Luigs for five days, of Defendant Donovan Hall for three days, and of Defendant David Jones for three days. Plaintiffs candidly predict that they "will most likely need more time than requested herein but said request is premature and Plaintiffs will seek additional leave of the Court in the event more time is necessary." [Docket No. 57 at n.1.]

Fed. R. Civ. P. 30(d)(2) was amended in 2000 to presumptively limit depositions to "one day of seven hours." This amendment was adopted in response to overlong depositions resulting in undue costs and delays. *See* Advisory Committee Notes to Fed. R. Civ. P. 30(d)(2). As set

forth in the Advisory Committee notes, a party seeking to go beyond this presumptive limit must show good cause for doing so, and these notes set forth a variety of factors for courts to consider in deciding whether good cause exists for extending the presumptive limit.

Plaintiffs' motion and argument at the September 12 conference failed to establish the requisite good cause for the requested multi-day depositions.  The Court is hard-pressed to imagine any circumstances that would justify a pre-deposition order permitting a three-day deposition of a witness or even a party, as Plaintiffs propose for Defendants Hall and Jones, much less the five days requested for Defendant Luigs.

Plaintiffs' strongest arguments in support of additional time are that this is a multi-party case involving allegations spanning many years and locations.  [Docket No. 57 at 1.]  But these arguments do not support the conclusion that it will take at least eleven days—and likely more—to depose three Defendants.  Consistent with the advisory committee notes, the Court suggested that Plaintiffs consider supplying to the deponents copies of documents in advance of the deposition to allow Defendants to be familiar with the documents and thus avoid unnecessary deposition delays caused by document review.  Plaintiffs conceded that they had not considered this option and would do so.

Proceeding in this fashion may help keep the depositions moving, though there is no substitute for precise, focused questioning and straightforward responses.  Even so, given the volume of information allegedly to be covered during the foregoing depositions, the presumptive seven-hour limitation may not suffice.  Plaintiffs established good cause for slightly modifying this presumptive limit.  Accordingly, Plaintiffs shall be permitted ten hours to depose Luigs, eight hours to depose Hall, and eight hours to depose Jones.  Plaintiffs' motion for expedited

leave to take extended depositions [Docket No. 57] is granted to this extent, but is otherwise denied.

    Dated: 09/20/2007

                                                        Tim A. Baker
                                                        United States Magistrate Judge
                                                        Southern District of Indiana

Copies to:

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Philip Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON JOE HARRIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-0681-LJM-TAB |
| | ) | |
| MIRACLE APPEARANCE | ) | |
| RECONDITIONING SPECIALISTS | ) | |
| INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFFS' MOTION FOR
## EXPEDITED LEAVE TO TAKE EXTENDED DEPOSITIONS

On September 12, 2007, the Court held a telephonic status conference on Plaintiffs' motion for expedited leave to take extended depositions. [Docket No. 57.] The parties appeared at this conference by counsel, and argument was heard. As set forth during that conference, and as more fully and specifically set forth below, Plaintiffs' motion is granted to the extent that the Court will permit a few hours of additional deposition testimony, but is otherwise denied.

As set forth in Plaintiffs' motion, Plaintiffs seek leave to take "extended" depositions of Defendant Mel Luigs for five days, of Defendant Donovan Hall for three days, and of Defendant David Jones for three days. Plaintiffs candidly predict that they "will most likely need more time than requested herein but said request is premature and Plaintiffs will seek additional leave of the Court in the event more time is necessary." [Docket No. 57 at n.1.]

Fed. R. Civ. P. 30(d)(2) was amended in 2000 to presumptively limit depositions to "one day of seven hours." This amendment was adopted in response to overlong depositions resulting in undue costs and delays. *See* Advisory Committee Notes to Fed. R. Civ. P. 30(d)(2). As set

forth in the Advisory Committee notes, a party seeking to go beyond this presumptive limit must show good cause for doing so, and these notes set forth a variety of factors for courts to consider in deciding whether good cause exists for extending the presumptive limit.

Plaintiffs' motion and argument at the September 12 conference failed to establish the requisite good cause for the requested multi-day depositions.  The Court is hard-pressed to imagine any circumstances that would justify a pre-deposition order permitting a three-day deposition of a witness or even a party, as Plaintiffs propose for Defendants Hall and Jones, much less the five days requested for Defendant Luigs.

Plaintiffs' strongest arguments in support of additional time are that this is a multi-party case involving allegations spanning many years and locations.  [Docket No. 57 at 1.]  But these arguments do not support the conclusion that it will take at least eleven days—and likely more—to depose three Defendants.  Consistent with the advisory committee notes, the Court suggested that Plaintiffs consider supplying to the deponents copies of documents in advance of the deposition to allow Defendants to be familiar with the documents and thus avoid unnecessary deposition delays caused by document review.  Plaintiffs conceded that they had not considered this option and would do so.

Proceeding in this fashion may help keep the depositions moving, though there is no substitute for precise, focused questioning and straightforward responses.  Even so, given the volume of information allegedly to be covered during the foregoing depositions, the presumptive seven-hour limitation may not suffice.  Plaintiffs established good cause for slightly modifying this presumptive limit.  Accordingly, Plaintiffs shall be permitted ten hours to depose Luigs, eight hours to depose Hall, and eight hours to depose Jones.  Plaintiffs' motion for expedited

leave to take extended depositions [Docket No. 57] is granted to this extent, but is otherwise denied.

  Dated:

Copies to:

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Philip Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON JOE HARRIS, et al.,    )<br>    )<br>        Plaintiffs,    )<br>    )<br>    vs.    )<br>    )<br>MIRACLE APPEARANCE    )<br>RECONDITIONING SPECIALISTS    )<br>INTERNATIONAL, INC., et al.,    )<br>    )<br>        Defendants.    )  | 1:07-cv-0681-LJM-TAB |

## ORDER ON PLAINTIFFS' MOTION FOR
## EXPEDITED LEAVE TO TAKE EXTENDED DEPOSITIONS

On September 12, 2007, the Court held a telephonic status conference on Plaintiffs' motion for expedited leave to take extended depositions. [Docket No. 57.] The parties appeared at this conference by counsel, and argument was heard. As set forth during that conference, and as more fully and specifically set forth below, Plaintiffs' motion is granted to the extent that the Court will permit a few hours of additional deposition testimony, but is otherwise denied.

As set forth in Plaintiffs' motion, Plaintiffs seek leave to take "extended" depositions of Defendant Mel Luigs for five days, of Defendant Donovan Hall for three days, and of Defendant David Jones for three days. Plaintiffs candidly predict that they "will most likely need more time than requested herein but said request is premature and Plaintiffs will seek additional leave of the Court in the event more time is necessary." [Docket No. 57 at n.1.]

Fed. R. Civ. P. 30(d)(2) was amended in 2000 to presumptively limit depositions to "one day of seven hours." This amendment was adopted in response to overlong depositions resulting in undue costs and delays. *See* Advisory Committee Notes to Fed. R. Civ. P. 30(d)(2). As set

forth in the Advisory Committee notes, a party seeking to go beyond this presumptive limit must show good cause for doing so, and these notes set forth a variety of factors for courts to consider in deciding whether good cause exists for extending the presumptive limit.

Plaintiffs' motion and argument at the September 12 conference failed to establish the requisite good cause for the requested multi-day depositions. The Court is hard-pressed to imagine any circumstances that would justify a pre-deposition order permitting a three-day deposition of a witness or even a party, as Plaintiffs propose for Defendants Hall and Jones, much less the five days requested for Defendant Luigs.

Plaintiffs' strongest arguments in support of additional time are that this is a multi-party case involving allegations spanning many years and locations. [Docket No. 57 at 1.] But these arguments do not support the conclusion that it will take at least eleven days—and likely more—to depose three Defendants. Consistent with the advisory committee notes, the Court suggested that Plaintiffs consider supplying to the deponents copies of documents in advance of the deposition to allow Defendants to be familiar with the documents and thus avoid unnecessary deposition delays caused by document review. Plaintiffs conceded that they had not considered this option and would do so.

Proceeding in this fashion may help keep the depositions moving, though there is no substitute for precise, focused questioning and straightforward responses. Even so, given the volume of information allegedly to be covered during the foregoing depositions, the presumptive seven-hour limitation may not suffice. Plaintiffs established good cause for slightly modifying this presumptive limit. Accordingly, Plaintiffs shall be permitted ten hours to depose Luigs, eight hours to depose Hall, and eight hours to depose Jones. Plaintiffs' motion for expedited

2

leave to take extended depositions [Docket No. 57] is granted to this extent, but is otherwise denied.

Dated:

Copies to:

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Philip Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON JOE HARRIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 1:07-cv-0681-LJM-TAB |
| ) | |
| MIRACLE APPEARANCE ) | |
| RECONDITIONING SPECIALISTS ) | |
| INTERNATIONAL, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON PLAINTIFFS' MOTION FOR
## EXPEDITED LEAVE TO TAKE EXTENDED DEPOSITIONS

On September 12, 2007, the Court held a telephonic status conference on Plaintiffs' motion for expedited leave to take extended depositions. [Docket No. 57.] The parties appeared at this conference by counsel, and argument was heard. As set forth during that conference, and as more fully and specifically set forth below, Plaintiffs' motion is granted to the extent that the Court will permit a few hours of additional deposition testimony, but is otherwise denied.

As set forth in Plaintiffs' motion, Plaintiffs seek leave to take "extended" depositions of Defendant Mel Luigs for five days, of Defendant Donovan Hall for three days, and of Defendant David Jones for three days. Plaintiffs candidly predict that they "will most likely need more time than requested herein but said request is premature and Plaintiffs will seek additional leave of the Court in the event more time is necessary." [Docket No. 57 at n.1.]

Fed. R. Civ. P. 30(d)(2) was amended in 2000 to presumptively limit depositions to "one day of seven hours." This amendment was adopted in response to overlong depositions resulting in undue costs and delays. *See* Advisory Committee Notes to Fed. R. Civ. P. 30(d)(2). As set

forth in the Advisory Committee notes, a party seeking to go beyond this presumptive limit must show good cause for doing so, and these notes set forth a variety of factors for courts to consider in deciding whether good cause exists for extending the presumptive limit.

Plaintiffs' motion and argument at the September 12 conference failed to establish the requisite good cause for the requested multi-day depositions.  The Court is hard-pressed to imagine any circumstances that would justify a pre-deposition order permitting a three-day deposition of a witness or even a party, as Plaintiffs propose for Defendants Hall and Jones, much less the five days requested for Defendant Luigs.

Plaintiffs' strongest arguments in support of additional time are that this is a multi-party case involving allegations spanning many years and locations.  [Docket No. 57 at 1.]  But these arguments do not support the conclusion that it will take at least eleven days—and likely more—to depose three Defendants.  Consistent with the advisory committee notes, the Court suggested that Plaintiffs consider supplying to the deponents copies of documents in advance of the deposition to allow Defendants to be familiar with the documents and thus avoid unnecessary deposition delays caused by document review.  Plaintiffs conceded that they had not considered this option and would do so.

Proceeding in this fashion may help keep the depositions moving, though there is no substitute for precise, focused questioning and straightforward responses.  Even so, given the volume of information allegedly to be covered during the foregoing depositions, the presumptive seven-hour limitation may not suffice.  Plaintiffs established good cause for slightly modifying this presumptive limit.  Accordingly, Plaintiffs shall be permitted ten hours to depose Luigs, eight hours to depose Hall, and eight hours to depose Jones.  Plaintiffs' motion for expedited

leave to take extended depositions [Docket No. 57] is granted to this extent, but is otherwise denied.

      Dated:

Copies to:

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Philip Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON JOE HARRIS, et al.,              ) | |
|                                                                  ) | |
|              Plaintiffs,                               ) | |
|                                                                  ) | |
|     vs.                                                    ) | 1:07-cv-0681-LJM-TAB |
|                                                                  ) | |
| MIRACLE APPEARANCE                      ) | |
| RECONDITIONING SPECIALISTS       ) | |
| INTERNATIONAL, INC., et al.,              ) | |
|                                                                  ) | |
|              Defendants.                             ) | |

## ORDER ON PLAINTIFFS' MOTION FOR EXPEDITED LEAVE TO TAKE EXTENDED DEPOSITIONS

On September 12, 2007, the Court held a telephonic status conference on Plaintiffs' motion for expedited leave to take extended depositions. [Docket No. 57.] The parties appeared at this conference by counsel, and argument was heard. As set forth during that conference, and as more fully and specifically set forth below, Plaintiffs' motion is granted to the extent that the Court will permit a few hours of additional deposition testimony, but is otherwise denied.

As set forth in Plaintiffs' motion, Plaintiffs seek leave to take "extended" depositions of Defendant Mel Luigs for five days, of Defendant Donovan Hall for three days, and of Defendant David Jones for three days. Plaintiffs candidly predict that they "will most likely need more time than requested herein but said request is premature and Plaintiffs will seek additional leave of the Court in the event more time is necessary." [Docket No. 57 at n.1.]

Fed. R. Civ. P. 30(d)(2) was amended in 2000 to presumptively limit depositions to "one day of seven hours." This amendment was adopted in response to overlong depositions resulting in undue costs and delays. *See* Advisory Committee Notes to Fed. R. Civ. P. 30(d)(2). As set

forth in the Advisory Committee notes, a party seeking to go beyond this presumptive limit must show good cause for doing so, and these notes set forth a variety of factors for courts to consider in deciding whether good cause exists for extending the presumptive limit.

Plaintiffs' motion and argument at the September 12 conference failed to establish the requisite good cause for the requested multi-day depositions.  The Court is hard-pressed to imagine any circumstances that would justify a pre-deposition order permitting a three-day deposition of a witness or even a party, as Plaintiffs propose for Defendants Hall and Jones, much less the five days requested for Defendant Luigs.

Plaintiffs' strongest arguments in support of additional time are that this is a multi-party case involving allegations spanning many years and locations.  [Docket No. 57 at 1.]  But these arguments do not support the conclusion that it will take at least eleven days—and likely more—to depose three Defendants.  Consistent with the advisory committee notes, the Court suggested that Plaintiffs consider supplying to the deponents copies of documents in advance of the deposition to allow Defendants to be familiar with the documents and thus avoid unnecessary deposition delays caused by document review.  Plaintiffs conceded that they had not considered this option and would do so.

Proceeding in this fashion may help keep the depositions moving, though there is no substitute for precise, focused questioning and straightforward responses.  Even so, given the volume of information allegedly to be covered during the foregoing depositions, the presumptive seven-hour limitation may not suffice.  Plaintiffs established good cause for slightly modifying this presumptive limit.  Accordingly, Plaintiffs shall be permitted ten hours to depose Luigs, eight hours to depose Hall, and eight hours to depose Jones.  Plaintiffs' motion for expedited

leave to take extended depositions [Docket No. 57] is granted to this extent, but is otherwise denied.

  Dated:

Copies to:

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Philip Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com